# Mary M. Scott, Mary S. Townsend, Annie W. Strong, M. H. Taylor and C. H. Strong, Executors of William L. Scott, Deceased, Appellants, v. Lewis S. Nickum.

*Canals—Damages—Taking of property in perpetuity.*

The payment of damages by the commonwealth to a landowner for injuries caused to land by the overflow of a canal does not constitute such a taking of the property as invests the commonwealth with the title thereto in perpetuity.

Argued Oct. 18, 1899. Appeal, No. 24, Oct. T., 1899, by plaintiffs, from judgment of C. P. Lawrence Co., March T., 1894, No. 12, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in the Shenango river at New Castle. Before RAYBURN, P. J., of the thirty-third judicial district, specially presiding.

At the trial it appeared that the plaintiff claimed title under a sheriff's sale of the property of the Erie Canal Company.

The Erie Canal Company derived its title by a grant from the commonwealth.    Defendant claimed title from George Mac-Dowell.    It appeared that in 1835, when George MacDowell was the owner, the state authorities, in consequence of a very high flood, opened the canal, and the land in question was flooded.    MacDowell claimed damages and he was paid by the canal commissioners the sum of $925.    Plaintiffs claimed that the land, upon payment of the damages, became vested in the commonwealth in perpetuity.

The court charged as follows:

This is an action of ejectment brought by Mary M. Scott, Mary S. Townsend, Annie W. Strong, M. H. Taylor and C. H. Strong, executors of the estate of William L. Scott, deceased, v. Lewis S. Nickum.

The plaintiffs have offered before the jury their evidence of title, and contend that, by reason of the occupancy of the land described in the writ by the Erie Canal Company at one time, the title to that property passed to the Erie Canal Company, and by virtue of the sale of the property of the Erie Canal Company, upon an execution against it, the property passed into the hands, through several successive titles, of the plaintiffs.

[As we view the evidence and the law applicable to that branch of the case, the taking of the property by that proceeding, the assessment of damages by reason of the water having been let out of the dam and washing away this four acres that has been spoken about, and the application made to the canal commissioners and damages assessed, was not such a taking of the property as put the title for perpetuity into the commonwealth.    That being the case, we say that there was no title passed by virtue of the sheriff's sale to the predecessors in title of the plaintiffs, and consequently none to the plaintiffs in this case.] [1]    [We therefore instruct you that your verdict should be for the defendant.] [2]

Verdict for defendant.    Plaintiffs appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*J. Ross Thompson*, with him *W. L. Scott Thompson* and *O. L. Jackson*, for appellants.—In taking lands, either by the com-

monwealth or corporations having the right of eminent domain, it is called damages, and is for taking the land. The learned judge below seemed to be of the opinion that damages implied the mere injury to the land and not the taking of the same.

The court erred in holding that there was " not such taking of the property as put the title for perpetuity in the commonwealth, and in directing verdict for defendant."

*M. McConnell*, for appellee.—The use and overflow of the land was but temporary, and when the necessity for that use had passed there remained nothing to be done but to make to the owner just compensation in damages : Com. v. McAllister, 2 Watts, 190; Haldeman v. Pennsylvania Cent. R. Co., 50 Pa. 425.

Percolation of water through the banks of the canal and overflow of lands adjacent to the canal are consequential injuries for which the owner is entitled to recover damages, but do not constitute a taking of the land : Hoffer v. Pennsylvania Canal Co., 87 Pa. 221.

Land as such, though it may be the subject of an easement or servitude, cannot of itself be appurtenant to other land except by incorporation ; and then the operation is by union of identity and not by servitude : Shamokin Val. R. R. Co. v. Livermore, 47 Pa. 465.

PER CURIAM, October 30, 1899 :

In view of all the evidence on which the plaintiffs relied, the learned president of the 33d judicial district, who specially presided at the trial, correctly held that there was no such taking of the property in question as invested the commonwealth with the title thereto in perpetuity, and he accordingly instructed the jury that no title passed by virtue of the sheriff's sale to the plaintiff's predecessor in title, and consequently none to the plaintiff himself, and he therefore directed the jury that their verdict should be for the defendant. In this he was so clearly right that neither of the questions involved in the assignment of error to the charge requires discussion. In the absence of any evidence of title in the plaintiffs, it would have been plain error to submit the case to the jury.

Judgment affirmed.